THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ANSELMA REYES, | § | |
| BEATRIZ GONZALEZ, ET AL. | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:19-cv-4574 |
| | § | |
| ASHISH HOLDINGS, LLC, dba | § | |
| A-ONE BONDS & MORE and dba | § | |
| AA FRIEND AUTO INSURANCE, | § | |
| ASIM DIDARALI, INDIVIDUALLY, | § | |
| and RUBINA DIDARALI, | § | |
| INDIVIDUALLY, | § | |
| | § | |
| Defendants. | § | COLLECTIVE ACTION |

## PLAINTIFFS' ORIGINAL COLLECTIVE ACTION COMPLAINT

### SUMMARY OF SUIT

1.    Defendant Ashish Holdings, LLC, dba A-One Bonds & More
and dba AA Friend Auto Insurance (the "Company") provides
automobile title bonds and various forms of insurance.  The Company
is owned, operated and/or managed by Defendants Asim Didarali ("A.
Didarali") and Rubina Didarali ("R. Didarali") (collectively, the
"Didarali Defendants").  Reference to the "Defendants" is to the
Company and the Didarali Defendants, collectively.  Unfortunately,
the Defendants pay their employees the same hourly rate of pay for
all hours worked, including overtime hours worked.

2.    Accordingly, Plaintiffs Anselma Reyes ("Reyes") and
Beatriz Gonzalez ("Gonzalez") (collectively, the "Plaintiffs")
bring this collective action to recover unpaid overtime wages,
liquidated damages, and attorneys' fees owed to them and other

similarly situated employees under the Fair Labor Standards Act, 29 U.S.C. § 216(b)(2019) ("FLSA").

<u>JURISDICTION AND VENUE</u>

3.   This Court has subject matter jurisdiction under 29 U.S.C. § 216(b)(2019) and 28 U.S.C. § 1331 and § 1367 (2019).

4.   The Plaintiffs bring this Complaint in the district in which the Defendants reside and do business.  As such, venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2019).

<u>THE PARTIES</u>

5.   Reyes, a resident of Mesquite, Texas, was employed by the Company within the meaning of the FLSA during the three (3) year period preceding the filing of this Complaint.  In performing her duties for the Company, Reyes engaged in commerce or in the production of goods for commerce.  Reyes' Notice of Consent is attached.

6.   Gonzalez, a resident of Dallas, Texas, was employed by the Company within the meaning of the FLSA during the three (3) year period preceding the filing of this Complaint.  In performing her duties for the Company, Gonzalez engaged in commerce or in the production of goods for commerce.  Gonzalez' Notice of Consent is attached.

7.   The "Members of the Class" are current and former hourly employees employed by the Defendants as office personnel and clerks.  Like the Plaintiffs, these persons are engaged in commerce

or in the production of goods for commerce in performing their duties for the Defendants.

8.    The Company, a Texas limited liability company, is an enterprise engaged in commerce.  The Company has acted, directly or indirectly, in the interest of an employer with respect to the Plaintiffs.  The Company may be served with process by serving its registered agent, Defendant A. Didarali, at 9753 Webb Chapel Road #800, Dallas, Texas 75220.

9.    A. Didarali has acted, directly or indirectly, in the interest of an employer with respect to the Plaintiffs.   A. Didarali may be served with process at 9753 Webb Chapel Road #800, Dallas, Texas 75220.

10.  R. Didarali has acted, directly or indirectly, in the interest of an employer with respect to the Plaintiffs.   R. Didarali may be served with process at 9753 Webb Chapel Road #800, Dallas, Texas 75220.

<u>BACKGROUND</u>

11.  The Didarali Defendants are the sole members of Ashish Holdings, LLC.  Ashish Holdings, LLC owns and operates both A-One Bonds & More and AA Friend Auto Insurance.  A-One Bonds & More provides auto title services and surety bonds.  AA Friend Auto Insurance sells various types of insurance, including auto insurance, homeowners insurance, and commercial general liability insurance.  Both companies have offices in various locations around

the State of Texas, including in the Houston area.

12.  The Plaintiffs were employed by the Company in various locations as customer service clerks.  The Plaintiffs, who routinely worked more than forty (40) hours per workweek, were not paid one and one-half times their regular hourly rate for hours worked over forty (40) hours per workweek.  Rather, the Plaintiffs were paid the same hourly rate for all hours worked.

13.  The Didarali Defendants have a substantial financial interest in the Company and are directly involved in:

    a.  the hiring and firing of the Company's employees;

    b.  the day-to-day operations of the Company as they relate to defining the terms of employment, workplace conditions, and the level of compensation to be received by Company employees;

    c.  the Company's finances; and

    d.  corporate decisions.

<u>THE PLAINTIFFS' ALLEGATIONS</u>

14.  Reyes and Gonzalez worked for the Company as customer service clerks and were paid at an hourly rate.  Although the Plaintiffs regularly worked more than forty (40) hours per week, they were paid the same hourly rate of pay for all of their hours worked.

15.  As non-exempt employees, the Plaintiffs were entitled to be paid one and one-half (1½) times their regular rate for all hours worked in excess of forty (40) hours in a workweek. 29 U.S.C. § 207 (2019).

16.  No exemption excuses the Defendants from paying the Plaintiffs for all hours worked over forty (40).  Nor have the Defendants made a good faith effort to comply with the FLSA. Instead, the Defendants knowingly, willfully, or with reckless disregard carried out an illegal pattern or practice regarding unpaid overtime compensation with respect to the Plaintiffs and other similarly situated customer service clerks employed by the Company.

<u>COLLECTIVE ACTION ALLEGATIONS</u>

17.  The Members of the Class have also been subjected to the same pay practices and policies by the Defendants which are in willful violation of the FLSA. The Members of the Class, like the Plaintiffs, are non-exempt, hourly employees working as customer service clerks for the Company in various locations around the State of Texas, including Houston, during the three (3) year period preceding the filing of this lawsuit.  Accordingly, the Members of the Class are similarly situated to the Plaintiffs in terms of their job duties and pay.

18.  The Defendants' failure to pay overtime compensation to these non-exempt, hourly employees for all overtime hours worked amounts to and arises from a generally applicable policy or practice which does not depend on the personal circumstances of the Members of the Class.  Specifically, the Plaintiffs and other Members of the Class were all paid the same hourly rate of pay

regardless of the number of hours that they worked each workweek.

19.   Accordingly, a conditional class of similarly situated employees should be certified to include:

> All current and former customer service clerks employed by the Company in its office locations around the State of Texas, including Houston, during the three (3) year period preceding the filing of this complaint.

<u>CAUSE OF ACTION</u>

<u>A. Violations of the FLSA - Overtime</u>

20.   The Plaintiffs and the Members of the Class incorporate all allegations contained in paragraphs 1 through 19.

21.   The Defendants' practice of failing to pay the Plaintiffs and the Members of the Class at one and-one-half (1½) times their appropriate regular rate for all overtime hours worked was and is in violation of the FLSA.

22.   Accordingly, the Plaintiffs and the Members of the Class are entitled to overtime pay in an amount which is one and one-half (1½) times their appropriate regular rates.

23.   Additionally, the Plaintiffs and the Members of the Class are entitled to an amount equal to all their unpaid overtime wages as liquidated damages.

24.   Additionally, the Plaintiffs and the Members of the Class are entitled to reasonable attorneys' fees and costs of this action. 29 U.S.C. § 216(b)(2019).

<u>PRAYER</u>

WHEREFORE, the Plaintiffs and the Members of the Class request

that this Court award them judgment, jointly and severally, against
Defendants Ashish Holdings, LLC, dba A-One Bonds & More and dba AA
Friend Auto Insurance, Asim Didarali, Individually, and Rubina
Didarali, Individually, for:

    a.   damages for the full amount of their unpaid
        overtime compensation;

    b.   an amount equal to their unpaid overtime
        compensation as liquidated damages;

    c.   reasonable attorneys' fees, costs and expenses of
        this action;

    d.   pre-judgment interest and post-judgment interest at
        the highest rates allowable by law; and

    e.   such other and further relief as may be allowed by
        law.

Respectfully submitted,

/s/ Mark Siurek
Mark Siurek
TBA# 18447900
Fed ID# 9417
3334 Richmond Ave, Suite 100
Houston, Texas  77098
713-522-0066 (telephone)
713-522-9977 (fax)
msiurek@warrensiurek.com

ATTORNEY-IN-CHARGE FOR PLAINTIFFS

OF COUNSEL:

WARREN & SIUREK, L.L.P.
Patricia Haylon
TBA# 09281925
Fed ID# 13941
3334 Richmond Ave, Suite 100
Houston, Texas 77098
713-522-0066 (telephone)
713-522-9977 (fax)
thaylon@warrensiurek.com

-7-